FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CASE NO. 3:13-CV-1339-J-32JRK

JOHN WOODS, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC
and CAVALRY SPV I, LLC,

    Defendants.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4. Plaintiff JOHN WOODS ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Cavalry") is a limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant CAVALRY SPV I, LLC ("SPV") is a limited liability company that acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. SPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Cavalry.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Cavalry, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal credit card (the "Debt").

12. Cavalry uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. SPV purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due, a creditor, when the debt was in default.

15. SPV is thoroughly enmeshed in the debt collection business, and SPV is a significant participant in Cavalry's debt collection process.

16. SPV's website (www.cavalryspvi.com) states that "[p]ortfolios acquired by Cavalry SPV I, LLC are serviced by Cavalry Portfolio Services, LLC, an affiliate dedicated to providing customer service."

17. Upon information and belief, Cavalry operates exclusively to create profits for SPV, its affiliate.

18. Upon information and belief, SPV has the right to control Cavalry's conduct.

19. Upon information and belief, SPV does, in fact, control Cavalry's conduct.

20. Cavalry and SPV constitute a single economic enterprise.

21. In connection with the collection of the Debt, Cavalry, itself and on behalf of SPV, sent Plaintiff initial written communication dated November 1, 2012 ("the Initial Communication") regarding Bank of America/FIA Card Services, N.A. account number ending in 1345 ("Account 1345"), that represented that Plaintiff owed the amount of $4,814.57. *See* November 1, 2012 Correspondence, attached as Exhibit "A."

22. The Initial Communication failed to inform Plaintiff that the Debt would accrue interest, fees, or other charges.

23. In connection with the collection the Debt, Cavalry, itself and on behalf of SPV, sent Plaintiff a subsequent communication dated January 16, 2013 regarding Account 1345, that provided an alleged amount owed of $4,914.66. *See* January 16, 2013 Correspondence, attached as Exhibit "B."

24. As such, Cavalry's January 16, 2013 communication indicates that interest, fees, or other charges had accrued, evidenced by the increase in the amount due from "$4,814.57" to "$4,914.66."

25. Thus, the Initial Communication failed to meaningfully convey the amount of the Debt, as required pursuant to 15 U.S.C. § 1692g(a)(1).

26. Cavalry did not send a written notice that meaningfully conveyed the amount of the Debt within five days after the Initial Communication.

27. The Initial Communication is also misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when, in fact, it was subject to adjustment on a periodic basis.

28. Cavalry's omission of material information in the Initial Communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

29. The Initial Communication therefore falsely represents the character, amount, or legal status of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

30. The Initial Communication also contained the following notice:

> If you notify this office in writing thirty (30) days *after* receipt of this letter that you dispute all or a portion of the debt, this office will obtain

> verification of the debt or a copy of the judgment and mail you a copy of such judgment or verification.
>
> If you request, in writing, *within* thirty (30) days of receiving this notice, Cavalry will provide you with the name and address of the original creditor.

Exhibit "A" (emphasis added).

31. The Initial Communication failed to clearly and accurately state Plaintiff's right to obtain verification of his alleged debt as required by 15 U.S.C. § 1692g(a)(4).

32. Specifically, if Plaintiff complied with Cavalry's instructions and had waited 30 days before sending a written dispute, he would not be entitled to verification of the debt, since 15 U.S.C. § 1692g(a)(4) requires consumers to send a written request *within* 30 days of receipt of the initial communication.

33. Upon information and belief, the Initial Communication is based on a standardized letter, form, or template.

34. Upon information and belief, Defendant sent an initial written communication based on the same standardized letter, form, or template as the Initial Communication to a large number of individuals within the one year prior to the filing of this complaint within the state of Florida in connection with the collection of a debt.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent two classes of individuals defined as:

> (1) All persons located in Florida to whom Cavalry sent, within one year before the date of this complaint and in connection with the collection of a debt, an initial written correspondence substantially similar or materially identical to the Initial Communication—in that it failed to state the amount of the debt as required by 15 U.S.C. §

1692g(a)(1)—and to whom Cavalry did not, within five days thereafter, send a written notice containing the amount of the debt.

(2) All persons located in Florida to whom Cavalry sent, within one year before the date of this complaint and in connection with the collection of a debt, an initial written correspondence substantially similar or materially identical to the Initial Communication—in that it falsely represented the character, amount, or legal status of the debt by failing to state whether the debt was or was not accruing interest or subject to additional fees.

(3) All persons located in Florida to whom Cavalry sent, within one year before the date of this complaint and in connection with the collection of a debt, an initial written correspondence substantially similar or materially identical to the Initial Communication—in that it failed to properly convey that a written dispute must be sent within 30 days of the receipt of the initial communication, as required by 15 U.S.C. § 1692g(a)(4).

36. The proposed class specifically excludes the United States of America, the state of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

37. The class is averred to be so numerous that joinder of members is impracticable.

38. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

39. Upon information and belief, Defendants maintains business records to record its collection efforts.

40. Upon information and belief, the class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

41. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*, (c) the availability of statutory penalties; and (d) an award of attorneys' fees and costs.

42. The claims of Plaintiff are typical of those of the class he seeks to represent.

43. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

44. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

46. Plaintiff is willing and prepared to serve this Court and the proposed class.

47. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

53. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## CAVALRY

54. Plaintiff repeats and re-alleges each and every paragraph above.

55. Cavalry violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in the Initial Communication or within five (5) days thereafter.

56. Specifically, Cavalry violated 15 U.S.C. § 1692g(a)(1) by failing to state that the Debt was accruing interest, fees, or other charges, and by failing to send a written notice that meaningfully conveyed the amount of the Debt within five days after the initial communication.

57. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692g(a)(1)

by stating the amount of the Debt as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees, and by failing to send a written notice that meaningfully conveyed the amount of the Debt within five days after the initial communication.

58. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692g(a)(1) by failing to state whether the Debt had accrued interest and other charges, and by failing to send a written notice that meaningfully conveyed the amount of the Debt within five days after the initial communication.

59. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692g(a)(1) by failing to state the amount of interest and other charges that had accrued on the Debt, and by failing to send a written notice that meaningfully conveyed the amount of the Debt within five days after the initial communication.

60. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692g(a)(1) by failing to state how or when the amount of the Debt had been calculated, and by failing to send a written notice that meaningfully conveyed the amount of the Debt within five days after the initial communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Cavalry violated 15 U.S.C. § 1692g(a)(1);

c) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## SPV

61. Plaintiff repeats and re-alleges each and every paragraph above.

62. Cavalry violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in the Initial Communication or within five (5) days thereafter.

63. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Cavalry, the debt collector it hired to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Cavalry violated 15 U.S.C. § 1692g(a)(1);

c) Adjudging that SPV is liable for Cavalry's actions;

d) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

e) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

f) Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## CAVALRY

64. Plaintiff repeats and re-alleges each and every paragraph above.

65. Cavalry violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in the Initial Communication.

66. Specifically, Cavalry violated 15 U.S.C. § 1692e(2)(A) by failing to state that the Debt was accruing interest, fees, or other charges.

67. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692e(2)(A) by stating the amount of the Debt as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees.

68. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692e(2)(A)

by failing to state whether the Debt had accrued interest and other charges.

69. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692e(2)(A) by failing to state the amount of interest and other charges that had accrued on the Debt.

70. In addition, or in the alternative, Cavalry violated 15 U.S.C. § 1692e(2)(A) by failing to state how or when the amount of the Debt had been calculated.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Cavalry violated 15 U.S.C. § 1692e(2)(A);

c) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## SPV

71. Plaintiff repeats and re-alleges each and every paragraph above.

72. Cavalry violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in the Initial Communication, because it failed to state that the Debt was accruing interest, fees, or other charges.

73. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Cavalry, the debt collector it hired to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Cavalry violated 15 U.S.C. § 1692e(2)(A);

c) Adjudging that SPV is liable for Cavalry's actions;

d) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

e) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

f) Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)
## CAVALRY

74. Plaintiff repeats and re-alleges each and every paragraph above.

75. Cavalry violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff that a dispute of the debt, or any portion thereof, must be made in writing, within 30 days of receipt of the Initial Communication, in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Cavalry violated 15 U.S.C. § 1692g(a)(4);

c) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)
## SPV

76. Plaintiff repeats and re-alleges each and every paragraph above.

77. Cavalry violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey to Plaintiff that a dispute of the debt, or any portion thereof, must be made in writing, within 30 days of receipt of the Initial Communication, in order to obtain verification of the alleged debt or a copy of a judgment against Plaintiff.

78. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Cavalry, the debt collector it hired to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Cavalry violated 15 U.S.C. § 1692g(a)(4);

c) Adjudging that SPV is liable for Cavalry's actions;

d) Awarding Plaintiff, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

e) Awarding Plaintiff, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

f) Awarding Plaintiff, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

79. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 30, 2013.

Respectfully submitted,

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com